```
            IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**WILLIAM LYNNDON SIKORSKI,**

        Plaintiff,

                                CIVIL ACTION
    vs.                            No. 11-3161-SAC

**(FNU) RYAN, Kansas City, Kansas,**
**Municipal City Court Judge, and**
**WYANDOTTE COUNTY, KANSAS,**

        Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff sues a municipal court judge, claiming he was held in custody although he had offered proof that the grounds upon which he was held were invalid. He seeks monetary damages.

A federal court must conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1),(2) and

§1915(e)(2)(B).

Plaintiff's allegations against defendant Ryan challenge his actions in the judicial role of presiding over a proceeding in court. The defendant enjoys absolute judicial immunity for acts taken in the execution of that role. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Although plaintiff contends the defendant erred in the decision concerning his custody, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356-57 (citation and footnote omitted).

Viewed in light of this immunity, plaintiff's claim must be dismissed, as defendant Ryan is immune from monetary damages.

Likewise, although plaintiff identifies Wyandotte County as a defendant in the complaint, he makes no allegation of any act or omission by that defendant. This is insufficient to state a claim for relief.

Plaintiff may pursue relief concerning allegedly illegal custody through state court remedies, and, if those remedies prove unsuccessful, through federal habeas corpus. However, his claim under § 1983 against defendant Ryan fails due to the defendant's immunity, and he makes no allegation concerning

2

Wyandotte County.  Accordingly, this matter must be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed pursuant to 28 U.S.C. §§ 1915A(b)(2) and 1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED plaintiff shall pay the $350.00 filing fee for this action.  He may, if necessary, pay such fee in installments, as provided by 28 U.S.C. § 1915(b)(2).

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 25th day of October, 2011.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge

3